IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,509-01






EX PARTE DONNIE DEWAYNE ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07CR1066 IN THE 405TH DISTRICT COURT


FROM GALVESTON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to forty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction.
Robinson v. State, No. 14-08-00913-CR (Tex. App.-Houston [14th Dist.] Jan. 28, 2010, no pet.). 

 Applicant contends, among other things, that his appellate counsel rendered ineffective
assistance because he failed to timely notify Applicant that his conviction had been affirmed.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an
affidavit stating whether the mail logs from the Holliday Unit indicate that Applicant received
correspondence from appellate counsel on or about April 10, 2010.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After receiving a response from the Office of General Counsel, the trial court shall make
further findings of fact and conclusions of law as to whether Applicant was denied his right to file
a pro se petition for discretionary review. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: March 30, 2011

Do not publish